UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BETTY LU HUGHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11-CV-979 CAS |
| ) | |
| AUTO-OWNERS INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This removed diversity matter is before the Court on plaintiff's motion to remand the case to state court. Defendant Auto-Owners Insurance Company opposes the motion. Plaintiff did not file a reply memorandum and the time to do so has passed, so the motion is ready for decision. For the following reasons, the Court concludes that it has subject matter jurisdiction over this case and plaintiff's motion to remand should be denied. Also before the Court is defendant's motion for leave to substitute a party under Rule 17(a)(3), Federal Rules of Civil Procedure. Plaintiff did not respond to the motion for leave. For the following reasons, the motion for leave will also be denied.

**Background**

This case was originally filed in the Circuit Court of the City of St. Louis, State of Missouri on May 20, 2011. Plaintiff's petition asserts a claim for breach of contract arising from defendant's alleged failure to pay an insurance claim for underinsured motorist coverage. Defendant filed its Notice of Removal on May 31, 2011, which asserts that this Court has subject matter jurisdiction based on diversity of citizenship, as defendant is a citizen of the State of Michigan and plaintiff is a citizen of the State of Missouri, and more than $75,000 is in controversy. See 28 U.S.C. § 1332(a).

Plaintiff moves to remand on the grounds that removal was improper because this case is a "direct action" against her insurer and therefore diversity jurisdiction is defeated by virtue of the plain language of 28 U.S.C. § 1332(c)(1). Defendant responds that the "direct action" language in § 1332(c)(1) does not apply to an insured's action for underinsured motorist coverage against her insurer.

**Legal Standard**

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the court's jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938). The district court may also look to the notice of removal to determine its jurisdiction. See, e.g., Jones & Laughlin Steel Corp. v. Johns-Manville Sales Corp., 626 F.2d 280, 282 n.1 (3d Cir. 1980). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are to be resolved in favor of remand. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). While a defendant has a statutory right to remove in certain situations, the plaintiff is still the master of her own claim. See Caterpillar Inc. v. Williams, 482 U.S. 386, 391 & n.7 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**Discussion**

**A. Motion to Remand**

The party attempting to establish federal jurisdiction bears the burden of proof if diversity of citizenship is challenged. Blakemore v. Missouri Pacific R.R. Co., 789 F.2d 616, 618 (8th Cir.

2

1986). Thus, defendant must show that § 1332(c)(1) does not preclude the exercise of jurisdiction over this case.

28 U.S.C. § 1332(c)(1) states:

> [A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any **direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen**, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business[.]

28 U.S.C. § 1332(c)(1) (emphasis added)

Plaintiff argues without citation to any supporting case law that the plain language of the statute as emphasized above applies to the facts of this case and defeats diversity jurisdiction. Plaintiff's interpretation of the statute is incorrect. Several of the federal Circuit Courts of Appeal have held that a suit against a plaintiff's own insurer for denied benefits is not a "direct action" under § 1332(c)(1). See, e.g., Lee-Lipstreu v. Chubb Group of Ins. Cos., 329 F.3d 898, 899-900 (6th Cir. 2003); McGlinchey v. Hartford Acc. & Indem. Co., 866 F.2d 651, 652-53 (3d Cir. 1989); Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 847 (10th Cir. 1988); Bowers v. Continental Ins. Co., 753 F.2d 1574, 1576 (11th Cir. 1985). "Applying the direct action exception to a dispute solely between an insured and her own insurance company would result in an absurdity--federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state." Lee-Lipstreu, 329 F.3d at 899-900.

This Court recently rejected a similar argument to plaintiff's in an analogous case, where the plaintiffs sued their insurer, Safeco, for breach of contract for failing to pay uninsured and

3

underinsured motorist coverage. The Court explained the "direct action" portion of § 1332(c)(1) as follows:

> A "direct action" under § 1332(c)(1) refers to actions authorized by statutes in some states, in which an injured party can sue a tortfeasor's insurer without joining the tortfeasor. See Home Indemn. Co. v. Moore, 499 F.2d 1202, 1205 (8th Cir. 1974). This case is not a "direct action" under § 1332(c)(1) because plaintiffs are suing their own insurer, not the insurer of a third-party tortfeasor. See State Farm Fire and Cas. Co. v. Carnnahan, No. 07-0761-CV-W-ODS, 2008 WL 205266, at *2 (W.D. Mo. Jan. 23, 2008); Antonacci v. State Farm Mut. Auto. Ins. Co., No. 4:05-CV-2173-CAS, 2006 WL 568344, at *1 (E.D. Mo. Mar. 7, 2006). Thus, Safeco is not deemed to be a citizen of Missouri.

Brown-Woods v. Safeco Ins. Co. of Ill., 2010 WL 2671494, at *4 (E.D. Mo. June 30, 2010).

"Courts have uniformly defined the term 'direct action' as used in [§ 1332(c)] as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." Beckham v. Safeco Ins. Co. of America, 691 F.2d 898, 901-02 (9th Cir. 1982) (citing cases). A "direct action" under § 1332(c)(1) does not exist "unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured." McGlinchey, 866 F.2d at 653 (quoted case omitted). When an insured brings a claim against his own insurer, "no direct action [exists] because the insurer's status is not that of a payor of a judgment based on the negligence of one of its insureds." Id. (internal punctuation marks and quoted case omitted).

Here, plaintiff is suing her own insurance company, not the insurance company of a third party. Thus, plaintiff's cause of action is a contract claim against her own insurance carrier, not a "direct action." As a result, defendant cannot be found to be a citizen of Missouri pursuant to

4

section 1332(c)(1) dealing with "direct actions" against insurance companies. Consequently, plaintiff's motion to remand is without merit and should be denied.

### B. Motion for Leave to Substitute Party

Defendant filed a motion for leave to substitute a party pursuant to Rule 17(a)(3), Fed. R. Civ. P. Defendant states that it was incorrectly sued as "Auto-Owners Insurance Company," but the policy at issue in this case was actually issued by Owners Insurance Company, which is the real party in interest and therefore is the proper party defendant. Defendant asserts that Rule 17(a)(3) permits the real party in interest to be substituted into the action, and asks that plaintiff's petition be amended by interlineation to substitute all references to Auto-Owners Insurance Company with Owners Insurance Company. Plaintiff did not respond to this motion.

"Rule 17 sets forth criteria defining who may bring an action in federal court" and requires that every action "be asserted in the name of the real party in interest." 4 James Wm. Moore, et al., Moore's Federal Practice § 17.01[1] (3d ed. 2010). "The 'real party in interest' provision is intended to protect defendants from multiple liability in actions by subsequent claimants and also to ensure that the judgment in the action will have preclusive, res judicata effect." Id. § 17.10[2]. Rule 17(a)(3) provides that a court may not dismiss an action for failure to prosecute in the name of the real party in interest until a reasonable time has been allowed for the real party in interest to be joined or substituted in the action. Rule 17's focus is on parties asserting claims in an action. Rule 17 has no application where a defendant has been misnamed, and the rule's substitution provision cannot be used here to correct the claimed defect in the plaintiff's complaint.

Where a complaint names the wrong party as a defendant, it is appropriate for the plaintiff to seek leave to amend her complaint under Rule 15(a) to name the correct party defendant:

5

> A party may . . . amend a pleading to correct a misnomer; that is, when the correct party has been served but the pleading misnames or misidentifies the party. In this situation an amendment to correct the misnomer should be allowed because the misnamed party is not new to the litigation and will not be prejudiced. Amendment to correct a misnomer is most often appropriate when the plaintiff misnames a corporation because of some confusion about the corporate name[.]

3 Moore's Federal Practice, § 15.16[2].

The situation described in Moore's is what the defendant claims has occurred in this case: the correct party was served, but was misnamed in the complaint. If defendant is correct that it was misnamed, then amendment of plaintiff's complaint to name the proper party defendant is appropriate. The burden would be on plaintiff to seek leave to amend her complaint and submit a proposed amended complaint that sets forth all of her claims.[1]

**Conclusion**

For the foregoing reasons, the Court concludes that it has subject matter jurisdiction over this case. Plaintiff's motion to remand should therefore be denied. Defendant's motion for leave to substitute a party should also be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand is **DENIED**. [Doc. 9]

---

[1] This Court does not permit amendment of pleadings by interlineation. Because it is well established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect, In re: Atlas Van Lines, Inc., 209 F.3d 1064 (8th Cir. 2000), any amendment must contain all of the plaintiff's claims. If plaintiff believes that she has misnamed defendant in this action, she should promptly seek leave to amend and submit her proposed amended complaint as an attachment to the motion for leave.

**IT IS FURTHER ORDERED** that defendant's motion for leave to substitute a party is **DENIED**.  [Doc. 6]

                                                               _____
                                                               **CHARLES A. SHAW**
                                                               **UNITED STATES DISTRICT JUDGE**

Dated this  30th  day of June, 2011.